# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1501
Lower Tribunal No. 22-23437-FC-04
_____

**Steven Hewell,**
Appellant,

vs.

**Joudelene Hewell,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Law Office of David Scott, P.A., and David Scott (Fort Lauderdale), for appellant.

Joudelene Hewell, in proper person.

Before EMAS, FERNANDEZ and LOBREE, JJ.

PER CURIAM.

Steven Hewell (the "Former Husband"), appeals a final judgment of dissolution of marriage, contending that the trial court erred in unequally distributing the marital debts, finding that there was an agreement by Former Husband to pay them, and failing to value and equally distribute all of his claimed marital debts. "We review an equitable distribution determination for an abuse of discretion." Michener v. Michener, 403 So. 3d 1040, 1042 (Fla. 3d DCA 2025) (citing Viscito v. Viscito, 214 So. 3d 736, 737 (Fla. 3d DCA 2017)). Following our review, we affirm the final judgment in all respects. "We note, as a threshold matter, that Former Husband has not provided a transcript of the proceedings in the lower court and therefore (absent a supportable claim of fundamental error) Former Husband has failed to provide an adequate record for meaningful review of those claims which we would review for competent substantial evidence or under an abuse of discretion standard." Magana v. Machado, 406 So. 3d 317, 318 (Fla. 3d DCA 2025). "In addition, and to the extent Former Husband claims the trial court failed to make requisite factual findings in the final judgment, it has not been properly preserved because Former Husband failed to file a motion for rehearing in the trial court." Id. (quoting Fla. Fam. L. R. P. 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in

2

a motion for rehearing under this rule.”)).

Affirmed.